PONDER, Justice.
 

 The relátors, August Stritzinger, Sylvero Molero, Peter Guerra, Joe Sanchez, August Quatrois, Mack Melerine, Joe Robin, Frank Melerine, Arnold Rodriquez and Earl Morehead, applied to this Court for the writs of certiorari, mandamus and habeas corpus. After considering the relators’ application a rule nisi was issued' and the matter is now submitted on the-rule.
 

 The relators allege in their petition that they were illegally arrested and detained in jail without formal charges having been made against them and without any warrant being made for their arrest. They allege that they endeavored to secure an order for their release upon giving bond' but were unable to do so because of the absence of the district judge and the sheriff. It was alleged that the judge and the sheriff had purposely absented themselves, to prevent the relators from obtaining release from jail on bond. They alleged in effect that the relators were arrested and detained because of their support of a candidate for sheriff who opposed the-
 
 *788
 
 present sheriff and that their arrest was the result of .a premeditated scheme to cause them embarrassment and humiliation. It was further alleged that the weather was sub-freezing and if the relators were forced to remain in jail it would subject them to great hardship. The relators asked to be discharged without bond, in the alternative for the release •of four of the relators who were agents of the Conservation Commission, and in the further alternative for the writ of •certiorari, fixing bond at a nominal amount •and ordering the record sent up to this Court. A rule nisi was issued and the relators were ordered released upon giving bond in the sum of $50 each during the pendency of the rule.
 

 From the returns of the respondents, the judge and the sheriff, it appears that formal charges were made against the relators since this rule issued charging them with carrying concealed weapons and that the lower court executed an order fixing their bonds at $250 each. It is conceded that the returns of the respondents are correct in this respect and the matter now presents a moot question. However, counsel for the relators has filed a motion to deny increase in bail. Evidently, the counsel is of the opinion that the order of the lower court fixing bond under the formal charges lodged against the relators in the lower court since the issuance of this rule has the effect of increasing the amount of the bond fixed by this Court at the time the rule was issued. At the time this rule was issued there were no formal charges pending in the lower court or considered by us. The lower court has made no attempt to increase the amount of bond fixed by this Court. The charges lodged against the relators in the lower court since this rule issued are not involved in this rule and form no part of this record. These charges have never been considered by this Court.
 

 For the reasons assigned, the rule is dismissed at relators' cost.